UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VIRGINIA MITSCHKE,<br><br>    Plaintiff(s),<br><br>v.<br><br>GOSAL TRUCKING, LTD., et al,<br><br>    Defendant(s). | 2:14-CV-1099 JCM (VCF) |

**ORDER**

Presently before the court are motions demanding security for costs filed by defendants Gosal Trucking, LTD, (docs. # 4 & 6), Canadian Western Bank, (docs. # 5 & 7), and Samimi Saeed, (docs. # 9 & 10). Plaintiff Virginia Mitschke filed a response in opposition to these motions, (doc. # 13), and defendants collectively filed a reply, (doc. # 17).

Defendants each request that plaintiff be required to submit a security for costs in the amount of $500 pursuant to Nev. Rev. Stat. 18.130 in her individual capacity and, separately, in her capacity as co-administrator of the estate of Richard Darnell.

The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). A federal district court typically follows the forum state's practice, particularly when a party is a non-resident. *See, e.g.*, § 2671 Security for Costs, 10 Fed. Prac. & Proc. Civ. § 2671 (3d ed.). Nev. Rev. Stat. 18.130 provides that the court may require an out-of-state plaintiff to post a security for costs in an amount up to $500 upon a request by a defendant.

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff argues that requiring a security for costs would be inappropriate, as Richard
2  Darnell's estate is being probated in Nevada. However, plaintiff admits she has been an Idaho
3  resident at all times relevant to this case and that Mr. Darnell was a resident of Idaho prior to his
4  death. (Doc. # 13, p. 4). As plaintiff is considered an out-of-state resident in both her individual
5  capacity and her capacity as co-administrator of Mr. Darnell's estate, the court may require a security
6  for costs pursuant to Nev. Rev. Stat. 18.130.

7  After reviewing the filings in this matter, the court finds that it is appropriate to require that
8  plaintiff post a security of $500 in both her individual and co-administrator capacities as to each of
9  the defendants in this action.

10  Accordingly,

11  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motions
12  demanding securities for costs, (docs. # 4-7, 9 & 10), be, and the same hereby are, GRANTED.

13  IT IS FURTHER ORDERED that plaintiff, in her individual capacity, shall post security
14  bonds in the amount of $500 as to each of the defendants within seven days of the entry of this order.

15  IT IS FURTHER ORDERED that plaintiff, in her capacity as co-administrator of the estate
16  of Richard Darnell, shall post security bonds in the amount of $500 as to each of the defendants
17  within seven days of the entry of this order.

18  IT IS FURTHER ORDERED that plaintiff shall notify defendants upon posting the security
19  bonds. Defendants shall have ten days following the receipt of this notice in which to answer or
20  otherwise plead in response to plaintiff's complaint.

21  IT IS FURTHER ORDERED that plaintiff's motion for clarification regarding automatic
22  stay, (doc. # 18), is DENIED as moot.

23  DATED August 8, 2014

25  _____
26  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -