# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

VIRGINIA MITSCHKE, *et al.*,

    Plaintiffs,

vs.

GOSAL TRUCKING, LTD., *et al.*,

    Defendants.

Case No. 2:14–cv–1099–JCM–VCF

**ORDER**

    This matter involves Virginia Mitschke's wrongful-death action against Gosal Trucking, Canadian Western Bank, and Samimi Saeed. Before the court are Defendants' Motion for a More Definite Statement (#30[1]) and Motion to Strike (#31). For the reasons stated below, Defendants' motions are denied.

## BACKGROUND

    Virginia and Richard Mitschke lived in Idaho and wanted to visit their daughter in California. (Compl. #1-1) at ¶ 12). On August 1, 2013, they packed up their 1997 Ford F-150 and headed through Nevada towards their destination. (*Id.*) While driving down Interstate 15, the Mitschke's vehicle was struck, became airborne, and landed on its wheels on a nearby embankment. (*Id.* at ¶ 17). Richard later died. (*Id.* at ¶ 25).

    The cause: a Kenworth Aerocab semi-truck, driven by Samimi Saeed, collided with the Mitschke's vehicle from the adjacent lane. (*Id.* at ¶ 16). As a result of the accident, Virginia and Richard incurred considerable medical expenses, lost wages, lost property, funeral expenses, loss of consortium, and emotional distress. (*See, e.g.*, *id.* at ¶¶ 27–29). Virginia commenced this action in May of 2014.

---

[1] Parenthetical citations refer to the court's docket.

Defendants now contest a variety of the complaint's allegations. First, Defendants argue that Virginia "failed to properly plead [her] cause of action for negligence *per se*" because the complaint "is vague and ambiguous" and "does not set forth the specific statutory or ordinance violation for which Defendants are liable." (Def.'s Mot. (#30) at 4:5–6; 5:1–2). The heading for Virginia's negligence per se claim reads: "Negligence Per Se Violations of NRS 484B.223, NRS 484B.657 and Provisions of Federal Motor Carrier Safety Regulations contained in Title 49 of the Code of Federal Regulations." (Compl. #1-1) at ¶¶ 68, 72) (explicitly citing 49 C.F.R. 392.3). The factual allegations supporting these legal allegations state that Saeed failed to stay in his lane because he was sleepy. (*See id*. at 70–72).

Second, Defendants argue that three of the complaint's allegations should be stricken because they are "immaterial, impertinent, and scandalous." (Def.'s Mot. (#31) at 4:9). Defendants move the strike the following:

> 38.　There is pending before the Justice Court, North Las Vegas Township, Clark County, Nevada criminal case number 13MN0441X against Defendant for the criminal vehicular manslaughter of Richard and for the criminal failure to maintain a travel lane.
>
> 58.　Upon information and belief, Defendants, and each of them, also breached the duty of care, by . . . immediately after the accident putting the tractor trailer back into service without preserving and maintaining evidence and data lawfully required to be maintained after the collision and by failing to follow all lawfully required procedures and protocols.
>
> 70.　There is pending before the Justice Court, North Las Vegas Township, Clark County, Nevada criminal case number 13MN0441X against Defendant for the criminal vehicular manslaughter of Richard and for the criminal failure to maintain a travel lane.

This order follows.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(e) governs motions for a more definite statement. In pertinent part, it provides, "[a] party may move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Honorable Miranda M. Du, U.S. District Judge, recently explained the purpose of Rule 12(e) motions, writing"

> A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail. Courts will deny the motion if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted. A Rule 12(e) motion should be granted only if the complaint is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, **in good faith** or without prejudice to himself.

*Millenium Drilling Co., Inc. v. House-Meyers*, No. 2:12–cv–00462–MMD–CWH, 2013 WL 2152756, at *2 (D. Nev. May 16, 2013) (internal quotation marks and citations omitted; emphasis added). As stated in the Advisory Committee Notes, the focus of Rule 12(e) is on reasonableness. A Rule 12(e) motion should be granted "only in cases where the movant cannot reasonably . . . frame an answer . . . to the pleading in question." Fed. R. Civ. P. 12(e), Advisory Comm. Notes (1946).

Motions to strike, in turn, are governed by Federal Rule of Civil Procedure 12(f). In pertinent part, it provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An allegation is "scandalous" if it "improperly casts a derogatory light on someone, most typically on a party to the action." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 712; *see also* 2 MOORE'S FEDERAL PRACTICE § 12.37[3] at 12–97 ("Scandalous generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."). An allegation is "immaterial" it if "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER § 1382, at 706–07) (internal citations omitted).

In the words of the Honorable James C. Mahan, U.S. District Judge, "[f]ederal courts generally disfavor motions to strike." *Armed Forces Bank, N.A. v. FSG-4, LLC*, No. 2:11–CV–654–JCM–CWH, 2011 WL 5513186, at *4 (D. Nev. Nov. 10, 2011) (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."); *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor."); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal.1996) ("[M]otions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.")).

**DISCUSSION**

Defendants' motions are denied. Defendants' Motion for a More Definite Statement argues that Virginia "failed to properly plead [her] cause of action for negligence *per se*" because the complaint "is vague and ambiguous" and "does not set forth the specific statutory or ordinance violation for which Defendants are liable." (Def.'s Mot. (#30) at 4:5–6; 5:1–2). This argument lacks a factual basis. As discussed above, the complaint cites three legal authorities: NRS 484B.223, NRS 484B.657, and 49 C.F.R. 392.3. (Compl. #1-1) at ¶ 68). These provisions address maintaining a safe driving lane, vehicular manslaughter, and operating a commercial motor vehicle while fatigued. Here, Virginia alleges that Saeed was fatigued, failed to maintain his travel lane, and therefore caused her husband's death. No more definite statement is needed.

Defendants added a new argument in their reply. Rather that maintaining that the complaint contains no citation to legal authorities, it asserts that a more definite statement is required because it alleges that those three authorities, and "others," were violated. (Def.'s Reply (#49) at 3:21–26). This argument is unpersuasive. Virginia's action is for her husband's wrongful death. The reference to

"other" laws does not render the complaint unintelligible. Virginia alleges that Saeed was fatigued, failed to maintain his travel lane, and therefore caused her husband's death. That is all that is required. *See* FED. R. CIV. P. 12(e).

Additionally, this argument fails because it was raised for the first time in reply. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Sophanthavong v. Palmateer*, 378 F.3d 859, 871-72 (9th Cir. 2004) (refusing to reach argument raised for the first time in a reply brief); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (noting that courts generally decline to consider arguments raised for the first time in a reply brief). As stated by the Ninth Circuit in *Tovar v. United States Postal Service*, it is improper to raise new arguments in a reply brief because the opposing party is deprived of an opportunity to respond. 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).

Defendants' Motion to Strike also lacks a factual basis. This civil action is about Richard's death, which was allegedly caused by Saeed's negligence while operating his truck. However, Defendants move to strike two provisions in the complaint, which allege that Saeed is being prosecuted for Richard's vehicular manslaughter. This allegation is not "redundant, immaterial, impertinent, or scandalous." *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, at § 1382, at 712.

Defendants argue that these provisions should be stricken because the court should not admit evidence related to Saeed's criminal proceeding. (Def.'s Reply (#50) at 9). This misses the point. The court is not receiving evidence at this time. It is determining whether the allegation that Saeed is being criminally prosecuted for Richard's death is "redundant, immaterial, impertinent, or scandalous" in the

context of a wrongful-death action for Richard's death. It is not. The allegation, "showing that the pleader is entitled to relief," is proper. *See* FED. R. CIV. P. 8(a)(2).

Defendants also failed to carry their burden with regard to the third provision that is the subject of the motion to strike. This provision alleges:

> 58.   Upon information and belief, Defendants, and each of them, also breached the duty of care, by . . . immediately after the accident putting the tractor trailer back into service without preserving and maintaining evidence and data lawfully required to be maintained after the collision and by failing to follow all lawfully required procedures and protocols.

Again, Defendants fail to argue that this provision is "redundant, immaterial, impertinent, or scandalous." Rather, they assert that the provision should be stricken because there is no independent cause of action for spoliation and that "spoliation is not an element of any claim." (Def.'s Mot. (#31) at 5:10–16). This argument is misplaced. *See* FED. R. CIV. P. 12(f). The purpose of a complaint is to show that "the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The allegations at issue here are proper. Therefore, Defendants' motion to strike is denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion for a More Definite Statement (#30) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (#31) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE