1
2
3
4                        UNITED STATES DISTRICT COURT
5                            DISTRICT OF NEVADA
6                                    * * *
7   VIRGINIA MITSCHKE,                        Case No. 2:14-CV-1099 JCM (VCF)
8                              Plaintiff(s),            ORDER
9           v.
10  GOSAL TRUCKING, LDS., et al.,
11                            Defendant(s).

12          Presently before the court is a partial motion to dismiss filed by defendants Gosal
13  Trucking, Ltd. and Saeed Samimi (hereinafter "defendants").  (Doc. # 29).  Plaintiff Virginia
14  Mitschke (hereinafter "plaintiff") filed a response, (doc. # 45), and defendants filed a reply, (doc.
15  # 51).

16  **I.    Background**

17          This case arises out of a motor vehicle accident occurring on August 1, 2013.  (Doc. # 1-
18  2).  Plaintiff and her husband, Richard Darnell ("Richard"), were driving on Interstate 15 in
19  Clark County, Nevada when their pickup truck collided with a truck driven by defendant Saeed
20  Samimi.  Plaintiff and her husband both suffered severe injuries.  Richard was forced to undergo
21  numerous surgeries and died 24 days after the accident.  (Doc. # 1-2).

22          Plaintiff filed a complaint individually and as co-administrator of her husband's estate in
23  Nevada state court.  Defendants then removed the instant action to federal court.  (Doc. # 1).

24          Plaintiff's complaint asserts claims for (1) wrongful death; (2) loss of consortium; (3)
25  negligence; (4) vicarious liability; (5) negligence per se; (6) respondeat superior; (7) res ipsa
26  loquitor; (8) negligent infliction of emotional distress to a bystander; (9) direct negligent
27  infliction of emotional distress; (10) intentional infliction of emotional distress; (11) negligent
28  hiring, training, retention, and/or supervision; and (12) punitive or exemplary damages.

**James C. Mahan**
**U.S. District Judge**

1    Defendants now move to dismiss plaintiffs' fourth, fifth, sixth, seventh, ninth, tenth, and

2    twelfth claims for relief.  (Doc. # 29).

3    **II.    Legal Standard**

4    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

5    can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short

6    and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

7    8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not

8    require detailed factual allegations, it demands "more than labels and conclusions" or a

9    "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10   (2009) (citation omitted).

11   "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

12   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

13   matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

14   omitted).

15   In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

16   when considering motions to dismiss.  First, the court must accept as true all well-pled factual

17   allegations in the complaint; however, legal conclusions are not entitled to the assumption of

18   truth.  *Id.* at 678-79.  Mere recitals of the elements of a cause of action, supported only by

19   conclusory statements, do not suffice.  *Id.*

20   Second, the court must consider whether the factual allegations in the complaint allege a

21   plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

22   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

23   the alleged misconduct.  *Id.* at 678.

24   Where the complaint does not permit the court to infer more than the mere possibility of

25   misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to

26   relief."  *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not

27   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*,

28   550 U.S. at 570.

**James C. Mahan**
**U.S. District Judge**

1    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

2    1202, 1216 (9th Cir. 2011).  The *Starr* court stated,

3

4    First, to be entitled to the presumption of truth, allegations in a complaint or
     counterclaim may not simply recite the elements of a cause of action, but must
5    contain sufficient allegations of underlying facts to give fair notice and to enable
     the opposing party to defend itself effectively.  Second, the factual allegations that
6    are taken as true must plausibly suggest an entitlement to relief, such that it is not
     unfair to require the opposing party to be subjected to the expense of discovery
7    and continued litigation.

8        *Id.*

     **III.    Discussion**
9
         Defendants seek dismissal of seven claims in plaintiff's complaint.  The merits of each
10
     claim will be addressed in turn.
11
         *A.  Vicarious liability*
12
         Defendants first ask the court to dismiss plaintiff's vicarious liability claim.  (Doc. # 29).
13
     "Vicarious liability is not an independent cause of action, but rather a theory assigning liability
14
     . . . ."  *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (granting motion
15
     to dismiss claim for vicarious liability on these grounds).
16
         Defendants' classification of vicarious liability is correct.  While this theory may impose
17
     liability on a particular defendant, it is not an independent cause of action.  Accordingly, the
18
     court will dismiss plaintiff's fourth claim for relief on these grounds.  This does not foreclose
19
     plaintiff from later arguing that particular defendants are vicariously liable on any remaining
20
     claims.
21
         *B.  Negligence per se*
22
         Defendants contend that plaintiff's negligence per se claim should be dismissed on
23
     similar grounds.  "Although sometimes pled as such, negligence per se is not a separate cause of
24
     action, but a doctrine in which the duty and breach elements of a negligence claim are assumed
25
     as a matter of law."  *Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev.
26
     2009).
27
     . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Accordingly, while plaintiff may allege that defendants were negligent per se in the

2  context of her negligence claim, this is not a separate cause of action.  As a result, the court will

3  dismiss plaintiff's fifth claim for negligence per se.

4    Defendants also ask the court to dismiss plaintiff's negligence per se claim on the

5  grounds that the statute plaintiff references, which prohibits vehicular manslaughter, does not

6  provide a standard of care.  (Doc. # 29).

7    The court finds it premature to foreclose this theory or address its merits at this time.

8  Plaintiff may assert any viable theories of liability for her remaining claims, and upon further

9  factual development, the court will address the merits of those theories at the relevant time.

10    *C.  Respondeat superior*

11    Defendants seek dismissal of plaintiff's claim for respondeat superior.  The doctrine of

12  respondeat superior provides that employers are vicariously liable for the actions of their

13  employees within the scope of employment.

14    The analysis for vicarious liability above also applies to the instant claim.  Because

15  respondeat superior is a theory of liability rather than a cause of action, the court will dismiss

16  plaintiff's sixth claim.

17    *D.  Res ipsa loquitor*

18    Defendants next contend that plaintiff's complaint for res ipsa loquitor should be

19  dismissed.  As is true with plaintiff's negligence per se claim, res ipsa loquitor is one way to

20  prove elements of negligence.  It is not a separate cause of action.  Accordingly, plaintiff's

21  seventh claim for relief will be dismissed.

22    Defendants additionally request that the court dismiss plaintiff's res ipsa loquitor claims

23  on the grounds that the doctrine is usually inapplicable to car accidents.  (Doc. # 29).  While

24  defendants may seek to dismiss claims or an entire complaint on the grounds of the motion to

25  dismiss, the court will not foreclose particular arguments at this stage.  Plaintiff may assert this

26  theory in the context of her negligence action, and the court will assess the merits of any such

27  arguments at the appropriate stage.

28  . . .

**James C. Mahan**
**U.S. District Judge**

1

     *E.  Direct negligent infliction of emotional distress*

2

     Defendants argue that plaintiff's claim for direct negligent infliction of emotional distress

3

("NIED") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants

4

contend that while plaintiff may bring intentional infliction of emotional distress ("IIED"),

5

bystander NIED, and negligence claims, she may not bring claims for direct NIED.  (Doc. # 29).

6

     In Nevada, NIED claims may be brought only by bystander plaintiffs.  *Grotts v. Zahner*,

7

989 P.2d 415, 416 (Nev. 1999).  Nevada law does not provide a cause of action for plaintiffs to

8

allege direct infliction of emotional distress from conduct that was merely negligent.  *See*

9

*Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 935 (D. Nev. 2010) (discussing

10

*Schoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995)).

11

     Therefore, while plaintiff may allege NIED as a bystander, Nevada law does not provide

12

a viable cause of action for direct NIED on plaintiff's or her husband's behalf.  Any claims of

13

negligently-caused emotional distress may be pleaded in the context of plaintiff's cause of action

14

for negligence.  Accordingly, plaintiff's ninth claim will be dismissed.

15

     *F.  Intentional infliction of emotional distress*

16

     Defendants contend that plaintiff's claim for intentional infliction of emotional distress

17

("IIED") should be dismissed because plaintiff fails to allege sufficient facts to support this

18

claim.  (Doc. # 29).  In particular, defendants argue that plaintiff cannot show extreme and

19

outrageous conduct.

20

     To establish a claim of intentional infliction of emotional distress, plaintiff must prove:

21

(1) defendant engaged in "extreme and outrageous conduct with either the intention of, or

22

reckless disregard for, causing emotional distress; (2) [plaintiff] suffered severe or extreme

23

emotional distress; and (3) actual or proximate causation." *Posadas* v. *City of Reno,* 851 P.2d

24

438, 444 (Nev. 1993).

25

     In Nevada, "extreme and outrageous conduct is that which is outside all possible bounds

26

of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency*

27

*Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks omitted).

28

. . .

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff's complaint alleges that defendant Saeed Samimi acted with reckless disregard
2  and that his conduct was extreme and outrageous when he drove his truck into plaintiff's lane of
3  traffic, colliding with her pickup truck.

4    Pursuant to the legal standard above, the court must take plaintiff's well-pleaded factual
5  allegations as true in considering a motion to dismiss.  However, conclusory allegations are
6  insufficient.

7    First, this is precisely the type of "formulaic recitation of the elements" that the Supreme
8  Court has found insufficient.  Second, plaintiff has not alleged acts that meet the "extreme and
9  outrageous" standard.

10    Here, the factual allegations presented in plaintiff's complaint are insufficient to preclude
11  dismissal of her IIED claim.  It is not enough for plaintiff to conclusively allege that defendant
12  Saeed Samimi's conduct was "extreme and outrageous" and that he acted with "reckless
13  disregard."

14    While the results of defendants' conduct as alleged in plaintiff's complaint are surely
15  tragic, recklessly driving a truck in a way that causes an accident is not "outside all possible
16  bounds of decency" or "regarded as utterly intolerable in a civilized community."

17    Accordingly, the court will dismiss plaintiff's tenth claim for relief.

18    *G.  Punitive or exemplary damages*

19    Defendants finally request that the court dismiss plaintiff's claim for punitive or
20  exemplary damages.  (Doc. # 29).  Punitive damages, like many of plaintiff's other claims, do
21  not provide an independent cause of action.  Punitive damages are one remedy that the court may
22  impose upon a finding of liability.  Therefore, plaintiff's twelfth claim for punitive damages will
23  be dismissed.

24    Notably, defendants also ask the court to dismiss "plaintiff's punitive damage demand"
25  on the grounds that (1) it is conclusory, and (2) the complaint fails to identify any malicious,
26  oppressive, or fraudulent actions.  (Doc. # 29).

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

1    While punitive damages do not provide a separate cause of action, the court will not

2    preclude plaintiff from requesting punitive damages at a later date.   Because any damages

3    dispute is currently premature, the court will address the issue of damages if and when plaintiff

4    succeeds on any of her remaining claims.

5    **IV.    Conclusion**

6    Accordingly,

7    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' partial

8    motion to dismiss, (doc. # 29), is hereby GRANTED, and plaintiffs' fourth, fifth, sixth, seventh,

9    ninth, tenth, and twelfth claims are dismissed in accordance with the foregoing.

10    DATED October 16, 2014.

11

12    _____

13    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**