UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIRGINIA MITSCHKE, | Case No. 2:14-CV-1099 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| GOSAL TRUCKING, LDS., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Virginia Mitschke's (hereinafter "plaintiff") motion for partial summary judgment.[1] (Doc. # 60). Defendants Gosal Trucking, Ltd. and Saeed Samimi (collectively "defendants") filed a response, (doc. # 62), and plaintiff filed a reply, (doc. # 67).[2]

---

[1] Plaintiff also filed an errata to her motion, stating that she inadvertently filed her motion without page 2. (Doc. # 61). Plaintiff attached page 2 to her errata, as a separate docket entry. (Doc. # 61). For purposes of clarity, the court will cite to plaintiff's entire motion for summary judgment, including page 2, as docket number 60.

[2] Defendant Canadian Western Bank ("CWB") joined defendants' response, (doc. # 63), and also filed its own response to plaintiff's motion for partial summary judgment, (doc. # 64). CWB responded to plaintiff's motion out of caution, because plaintiff included of an allegation against CWB in the affidavit in support of her motion. (Doc. # 60-1).

However, plaintiff's motion indicates that she seeks summary judgment against only defendants Samimi Saeed and Gosal Trucking, Ltd., on her negligence claims. (Doc. # 60). Page 2 of plaintiff's motion includes the following footnote: "This motion is intentionally narrow and does not address any additional independent claims, including independent claims and liability arguments as against Defendant Canadian Western Bank." (Doc. # 61). Accordingly, the court will not address the merits of any allegations or evidence against CWB at this time. As a result, the court need not consider CWB's joinder or response to plaintiff's motion. (Doc. # 64).

**James C. Mahan**
**U.S. District Judge**

## I. Background

This case arises out of a motor vehicle accident occurring on August 1, 2013. (Doc. # 1-2). Plaintiff, a citizen of Idaho, and her husband Richard Darnell ("Richard") were driving on Interstate 15 in Clark County, Nevada, when their pickup truck collided with a truck driven by defendant Saeed Samimi ("Samimi"), a Canadian citizen. Samimi was employed by defendant Gosal Trucking, Ltd. ("Gosal Trucking"), a Canadian corporation. Plaintiff and her husband both suffered severe injuries. Richard was forced to undergo numerous surgeries and died 24 days after the accident. (Doc. # 1-2).

On May 7, 2014, plaintiff filed a complaint individually and as co-administrator of her husband's estate in Nevada state court. On July 3, 2014, defendants removed the instant action to federal court. (Doc. # 1). On October 16, 2014, the court granted defendants' partial motion to dismiss, dismissing seven causes of action from plaintiff's complaint. Plaintiff's remaining claims include (1) wrongful death; (2) loss of consortium; (3) negligence; (4) bystander negligent infliction of emotional distress; and (5) negligent hiring, training, retention, and/or supervision. (Doc. # 55). Plaintiff seeks general damages for pain, suffering, and emotional distress; compensatory damages; reimbursement for funeral and medical expenses; punitive damages; and attorney's fees and costs. (Doc. # 1-2).

Plaintiff now moves for partial summary judgment on her negligence claim.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be

**James C. Mahan**
**U.S. District Judge**

entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**III.   Discussion**

Plaintiff moves for partial summary judgment on her negligence claim against defendants Samimi and Gosal Trucking. Plaintiff contends that these defendants are liable as a matter of law

**James C. Mahan**
**U.S. District Judge**

for negligence. In support of her motion, plaintiff attaches her own affidavit, her husband's autopsy report, and a criminal complaint against defendant Samimi. (Doc. # 60).[3]

"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).

Plaintiff believes that summary judgment against defendant Samimi is proper based on the following facts. In her motion and affidavit, plaintiff states that Samimi "unlawfully failed to maintain his motor vehicle within the market travel lane," and that as a result, "the right side of the huge Kenworth Aerocab semi truck and trailer he was driving struck the left side of our much smaller 1997 F-150 Ford pickup . . . ." (Doc. # 60).

The attached autopsy report provides that plaintiff's husband "died as a result of multiple blunt force motor vehicle trauma. Other significant conditions include endocarditis and atrial fibrillation." (Doc. # 60-2). Plaintiff also declares that "Defendant Saeed has been charged with criminal manslaughter." (Doc. # 60-1). The criminal complaint charges defendant Samimi with vehicular manslaughter "through an act or omission that constitutes simple negligence," as well as failure to maintain his travel lane. (Doc. # 60-3).

Plaintiff's motion essentially restates the allegations of her complaint, and does not show that she is entitled to summary judgment. To obtain summary judgment in this case, plaintiff must show the absence of a genuine issue of fact as to each material issue, such that she would be entitled to a directed verdict at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

Plaintiff cannot show that defendant Saeed was negligent as a matter of law. In particular, plaintiff fails to show that defendant Samimi owed plaintiff and her husband a duty and breached that duty. Plaintiff's arguments as to duty are conclusory. Further, plaintiff cannot prove that

---

[3] As defendants note, plaintiff fails to authenticate these exhibits. The court could thus refuse to consider them on these grounds. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). In any case, plaintiff's proposed evidence does not entitle her to summary judgment.

Further, the court may not consider additional evidence produced with plaintiff's reply. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that where a reply asserts new evidence, the court should not consider it without giving the opposing party an opportunity to respond). While any such evidence has been disregarded, these issues are again inconsequential, as the court finds that plaintiff has not met her burden for summary judgment.

James C. Mahan
U.S. District Judge

- 4 -

1 defendant Samimi breached any duty owed simply because a criminal complaint was filed against
2 him.
3   The attached autopsy report contains opinions about Richard's cause of death that are not
4 properly considered absent expert certification.  Finally, as defendants note, plaintiff's affidavit
5 includes legal conclusions and statements for which plaintiff lacks personal knowledge.  These are
6 entitled to no weight, and fall far short of establishing that plaintiff would be entitled to a directed
7 verdict at trial.
8   Plaintiff has not produced sufficient evidence to entitle her to summary judgment.  She
9 does not establish the absence of a genuine dispute of fact on each issue material to her case.
10 Because plaintiff fails to meet the above burden, defendants need not rebut plaintiff's motion by
11 showing a genuine dispute of material fact.
12   In any case, defendants do so here.  Specifically, defendants provide a witness statement,
13 accident report, and weather data suggesting that heavy winds may have contributed to the
14 accident.  (Doc. # 62-4).  Further, defendants note the additional health conditions listed in the
15 autopsy report, arguing that they raise causation questions.  These disputed facts are material to
16 the issue of negligence in the case.
17   Notably, plaintiff also cannot show defendant Gosal Trucking's liability for negligence as
18 a matter of law under the doctrine of respondeat superior.  Because plaintiff fails to demonstrate
19 that summary judgment on negligence is proper, the court will not address the extent to which
20 defendant Gosal Trucking is liable based on defendant Samimi's conduct.
21   On summary judgment, the court must construe disputed factual issues in favor of
22 defendants.  In light of the foregoing, plaintiff's motion will be denied.  Accordingly, the court
23 need not address defendants' alternative request to conduct additional discovery pursuant to
24 Federal Rule of Civil Procedure 56(d).  (Doc. # 62).
25   In their response to plaintiff's motion, defendants also request an award of fees on the
26 grounds that plaintiff's motion is unsupported and "possibly sanctionable."  Further, defendants
27 contend that plaintiff's counsel has been uncooperative, causing the parties to file unnecessary
28 motions.  (Doc. # 64).

**James C. Mahan**
**U.S. District Judge**

- 5 -

A request for a court order must be made by motion. Fed. R. Civ. P. 7(b)(1). Further, pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. On this basis, the court will not consider defendants' request for fees.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for partial summary judgment, (doc. # 60), be, and the same hereby is, DENIED.

DATED April 30, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**