**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VIRGINIA MITSCHKE, Individually, as surviving heir, and as co-administrator of the Estate of RICHARD DARNELL, decedent,<br><br>                Plaintiff,<br><br>vs.<br><br>GOSAL TRUCKING, LTD., a Canadian corporation; *et.al.*,<br><br>                Defendants. | Case No. 2:14–cv–1099–JCM–VCF<br><br>**ORDER**<br><br>MOTION TO COMPEL COMPLETE RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO DEFENDANT GOSAL TRUCKING (DOC. #129). |

      This matter involves Plaintiff Virginia Mitschke's civil action against Defendant Gosal Trucking. Before the court is Mitschke's Motion to Compel Complete Responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories (Doc. #129) and Gosal's response (Doc. #134). For the reasons stated below, Mitschke's motion is granted in part and denied in part.

**I. BACKGROUND**

      In August 2013, Mitschke and Gosal's employee, Driver Saeed Samimi, were involved in an automobile collision. The instant dispute arises from Mitschke's first set of requests for production (RFP) and Gosal's first set of supplemental responses. In January 2015, Mitschke served Gosal with her first set of RFPs. (Doc. #129 at 3). In March 2015, Gosal produced a total of 70 pages of documents in response to Mitschke's RFPs. (Doc. #129-2). From March 2015 through December 2015, Mitschke conferred with Gosal in an effort to have Gosal supplement its March 2015 RFP responses. (Doc. #129 at 4-5). On December 2015, Gosal served Mitschke its first set of supplemental responses. Mistchke believes Gosal's supplemental responses are deficient and brings the instant motion.

1

Mistchke also believes Gosal's responses to two of her interrogatories, Interrogatories No. 6 and No. 16, are deficient and moves to compel a complete response from Gosal.

## II. LEGAL STANDARD

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce or allow inspection of documents or tangible things "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). A party objecting to a request for production must state its objection with specificity. FED. R. CIV. P. 34(b)(2)(C). "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'" *EnvTech, Inc. v. Suchard*, No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at *5 (D. Nev. Sept. 11, 2013) (internal citations omitted). "[B]oilerplate objections such as 'overly burdensome and harassing' are improper." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

"[B]olierplate objections or blanket refusals inserted in a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. United States District for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005). The court undertakes a holistic reasonable analysis to determine whether a privilege was validly asserted. *Id*. "[P]roviding particulars typically contained in a privilege log is presumptively sufficient [to assert a privilege] and boilerplate objections are presumptively insufficient." *Id*.

"The responding party must then make a reasonable inquiry to determine whether responsive documents exist." *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, No. 2:12-cv-1324-JAD-NJK, 2014 WL 910350 at *2 (D. Nev. March 7, 2014). "A reasonable inquiry requires, 'at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party].'" *EnvTech, Inc.*, 2013 WL 4899085 at *5.

If the responding party asserts that the requested documents do not exist, the "[responding] party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Vistana*, 2014 WL 910350 at *2. "Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive document." *EnvTech, Inc.*, 2013 WL 4899085 at *5.

### III. DISCUSSION

The parties present two issues: (1) whether Gosal's objections to Mitschke's RFPs are valid reasons to withhold responsive documents and (2) whether Gosal's objections to Mitschke's interrogatories are valid reasons to refuse to answer Interrogatories No. 6 and No. 16.

**1.   Objections to Mitschke's First Set of Requests For Production of Documents**

Twenty five RFPs are the subject of the instant dispute. Gosal objected to each RFP on various grounds. Each objection will be discussed below.

   a. *Vague and Ambiguous Objections*

Gosal objects to RFPs 15, 23, 25, 26, 42, 44, 131, 176, and 190 as vague and ambiguous. None of Mitscke's requests are vague or ambiguous. Mitschke either: (1) lists specific examples of the documents she seeks, (2) provides a specified time from before and after the instant accident for her document request, or (3) provides sufficient context in her request for Gosal to determine what documents are responsive. Gosal's vague and ambiguous objections are overruled.

   b. *Overbroad Objections*

Gosal objects to RFPs 15, 16, 19, 25, 26, 143, and 190 as overbroad. With one exception, none of Mitschke's requests are overbroad. Mitschke either: (1) gives a specific time frame for her request, (2) limits her request to documents related to the instant accident or Driver Samimi, or (3) requests information related to specific aspects of Gosal's regular business practices.

RFP 143 is overbroad as to scope because it requests all documents related to the accident frequency of all of Gosal's drivers. The court limits RFP 143 to documents related to Driver Samimi's accident frequency. Gosal's overbreadth objections to RFPs 15, 16, 19, 25, 26, and 190 are overruled.

c. *Overly Burdensome and Harassing*

Gosal objects to RFPs 23, 24, 42, 169, and 176 as overly burdensome and harassing because Mitschke"[buries Gosal] in over 190 discovery requests not specifically tailored to Plaintiff's claims." Gosal's objections are overruled because they fail to explain how these five requests are not tailored to her claims against Gosal and fail to explain how the Mitscke's requests constitute harassment.

d. *Not Relevant and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence*[1]

Gosal objects to RFPs 14, 19, 44, 90, 143, and 170 as requests that seek information not relevant to the action. "[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *A. Farber & Partners, Inc.*, 234 F.R.D. at 188. Gosal fails to explain why the documents Mitschke requests are not relevant. With one exception, all of Mitschke's RFPs are relevant to Mitschke's claim that Gosal negligently hired, trained, retained, or supervised Driver Samimi.

RFP 90, which requests a list of all drivers employed by Gosal at the time of the instant accident, is not relevant to any of Mitschke's claims for relief. Gosal's relevancy objection to RFP 90 is sustained. Gosal's relevancy objections to RFPs 14, 19, 44, 143, and 170 are overruled.

/// /// ///

---

[1] Federal Rule of Civil Procedure 26(b)(1) allows a party to obtain discovery on any nonprivilege matter "relevant to any party's claim or defense and proportional to the needs of the case." Rule 26 also states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." To the extent Gosal's objection relies on the prior "appears reasonably calculated to lead to the discovery of admissible evidence" standard, Gosal's objections are improper.

e. *Protected By Work-Product Doctrine or Attorney-Client Privilege*

Gosal objects to RFPs 17 and 190 on the grounds that the responsive documents are protected by the work-product doctrine and the attorney-client privilege.  Gosal failed to provide a privilege log that would allow the court to assess the validity of Gosal's assertions of privilege.  Gosal must either produce the requested documents or provide a privilege log so that its assertions of work-product protection and attorney-client privilege may be assessed.  Gosal's work-protect doctrine and attorney-client privilege objections to RFPs 17 and 190 are overruled

f. *Requested Documents Are Confidential*

Gosal objects to RFPs 11 and 170 on the ground that the request seeks confidential medical information about Driver Samimi.

"Confidentiality in and of itself is not a legitimate grounds of objection."  *Collins v. NDOC*, No. 313-CV-00255-RCJ-WGC, 2014 WL 4656232, at *3 (D. Nev. Sept. 17, 2014).  "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded."  *Id*.  Gosal's objection fails to cite to any federal authority that would render Driver Samimi's medical information confidential nor does Gosal explain why Driver Samimi's medical records are confidential.  Gosal's confidentiality objections to RFPs 11 and 170 are overruled

g. *Responsive Documents Not In Gosal's Possession, Custody, or Control*

Gosal objects to RFPs 11,15, 21, 22, 25, 26, 66, 131, 163, 165, 169, and 183 because Gosal does not have possession, custody, or control over responsive documents.  In its response, Gosal maintains that no additional responsive documents, other than the documents it has already produced, are in

Gosal's possession, custody, or control. (Doc. #134). Gosal failed to provide declarations detailing its efforts to locate responsive documents. Gosal must either produce the requested documents or, if Gosal maintains responsive documents are not in its possession, custody, or control, provide declarations detailing its search efforts.

**2. Objections to Mitschke's First Set of Interrogatories**

a. *Describe the Data on Driver Samimi's ECM, Describe What Happened to the Data, and What Efforts Were Made to Obtain the Data (Interrogatory 6)*

Mitschke asks Gosal to identify any data recording devices in Driver Samimi's vehicle at the time of the instant accident. Gosal objects to Mitschke's request because Gosal is not in possession, custody, or control of any data from Driver Samimi's ECM. Gosal failed to provide a declaration detailing why it does not possess the identifying information for Driver Samimi's ECM. Gosal must either respond to Mitchke's Interrogatory No. 6 or provide a declaration explaining why it is no longer possess the information necessary to respond to Interrogatory No. 6.

b. *State the ECM's measurements recorded at the time of the accident (Interrogatory No. 16)*

Gosal objects to Interrogatory No. 16 because Interrogatory No. 16 is in excess of the maximum number of interrogatories Mitschke was permitted under Federal Rule of Civil Procedure 33(a)(1).[2] Gosal's objection relies on its contention that Mitschke's Interrogatory No. 3 is actually seventeen separate interrogatories. Interrogatory No. 3 asks "[s]tate the full factual and legal basis for all defenses alleged by you rising out of the August 1, 2013 incident." Gosal answered by providing the factual and legal basis for each of its seventeen affirmative defenses.

---

[2] "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including discrete subparts." FED. R. CIV. P. 33(a)(1).

"[S]ubparts of an interrogatory are to be counted as part of one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Phillips v. Clark Cty. Sch. Dist.*, No. 2:10-CV-02068-GMN, 2012 WL 135705, at *6 (D. Nev. Jan. 18, 2012). The "test to determine whether subparts are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. If the question in the subpart can be answered independently of the 'primary' question, then it should be treated as a separate interrogatory." *Id*. While styled as a single question, Interrogatory No. 3 makes seventeen separate inquiries into each of Gosal's affirmative defenses. Gosal may refuse to answer Interrogatories No. 12 through No. 25 as these interrogatories exceed the maximum number permitted by Rule 33, absent stipulation or court order. Mitschke may move for leave to serve Interrogatories No. 12 through No. 25.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mitschke's Motion to Compel Complete Responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories (Doc. #129) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the following objections are OVERRULED:

    1) Objections to RFPs 15, 23, 25, 26, 42, 44, 131, 176, and 190 as vague and ambiguous.

    2) Objections to RFPs 15, 16, 19, 25, 26, and 190 as overbroad.

    3) Objections to RFPs 23, 24, 42, 169, and 176 as overly burdensome and harassing.

    4) Objections to RFPs 14, 19, 44, 143, and 170 as not relevant.

IT IS FURTHER ORDERED that with respect to objections that RFPs 17 and 190 seek documents protected by the work-product doctrine or attorney-client privilege:

    1) Gosal's objections are OVERRULED because the court cannot ascertain whether Gosal validly asserted either the protection or the privilege.

2) On or before February 12, 2016, Gosal must produce the requested documents or provide Mitschke with a privilege log sufficiently detailed to allow Mitschke to ascertain the validity of Gosal's objections.

IT IS FURTHER ORDERED that with respect to objections that RFPs 11 and 170 seek confidential medical information about Driver Samimi:

1) Gosal's objections are OVERRULED because Gosal failed to cite to any federal authority that would render Driver Samimi's medical information confidential or otherwise explained why such information is confidential.

2) On or before February 12, 2016, Gosal must produce the requested documents or provide Mitschke with federal authority that supports its position that Driver Samimi's medical information is confidential.

IT IS FURTHER ORDERED that with respect to objections that responsive documents RFPs 11,15, 21, 22, 25, 26, 66, 131, 163, 165, 169, and 183 are not in Gosal's possession, custody, or control:

1) Gosal's objections are OVERRULED because Gosal failed to provide declarations detailing its efforts to search for responsive documents.

2) On or before February 12, 2016, Gosal must produce documents responsive to Mistchke's RFPs or provide Mitschke with declarations that detail Gosal's efforts to search for responsive documents.

IT IS FURTHER ORDERED that the following objections are SUSTAINED:

1) Objection to RFP 143 as overbroad.  RFP 143 is limited to documents related to Driver Samimi.

2) Objection to RFP 90 as not relevant.  Gosal may withhold its list of drivers at the time of the instant accident.

IT IS FURTHER ORDERED that Gosal's objection to Interrogatory No. 6 is OVERRULED. On or before February 12, 2016, Gosal must answer Interrogatory No. 6 or provide Mitschke with a declaration that details why Gosal does not have sufficient information to answer Interrogatory No. 6.

IT IS FURTHER ORDERED that Gosal's objection to Interrogatory No. 16 is SUSTAINED. Mitschke may move for leave to serve Interrogatories No. 12 through No. 25.

IT IS FURTHER ORDERED that Mitschke's request for reasonable expenses associated with bringing the instant motion is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE